NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FRANCIS SLOTCAVAGE,      :
                            Civil Action No. 06-3254 (NLH)
          Petitioner,   :

          v.            :    **OPINION**

COMMONWEALTH OF PENNSYLVANIA, :
et al.,
                       :
          Respondents.

**APPEARANCES:**

Francis Slotcavage, Petitioner pro se
#50362-066
F.C.I. Fort Dix
P.O. Box 7000
Fort Dix, NJ  08640

**HILLMAN**, District Judge

     Petitioner Francis Slotcavage, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The respondents are the Commonwealth of Pennsylvania, the Federal Bureau of Prisons, the Warden of F.C.I. Fort Dix, and the Attorney General of the State of Pennsylvania. Because this Court is not the proper venue for this action, it will be transferred to the United States District Court for the Eastern District of Pennsylvania.

---

    [1]  The Court notes that Petitioner recently paid the $5.00 filing fee for a habeas action.

I.  BACKGROUND[2]

Petitioner is presently in federal custody pursuant to drug convictions litigated in the United States District Court for the Eastern District of Pennsylvania.

In 1987, Petitioner was arrested for aggravated assault, convicted in Pennsylvania state court, and was sentenced to serve a term of five to ten years imprisonment.  In 1992 he was paroled, but was arrested again in May and July of 1996.  In August of 1996, he was remanded to prison pursuant to a parole warrant.  On August 21, 1996, he received a parole hearing and was deemed a parole violator.  He was ordered to serve the remaining nine months and 16 days of his unexpired term.

On May 29, 1997, the Pennsylvania Board of Parole issued an order suspending the August 13, 1996 warrant and Petitioner was released.  On July 19, 1997, Petitioner pled guilty in Pennsylvania state court to driving under the influence.

In November of 1997, Petitioner was arrested on federal drug charges, and on December 29, 1997, was sentenced by the United States District Court, Eastern District of Pennsylvania to 136 months imprisonment.  Petitioner remained in state custody until March 3, 1999, then was transferred to federal custody. Pennsylvania state filed a warrant and detainer against

---

[2] This statement of background facts is taken from the Petition, and is assumed to be true for purposes of this Opinion and accompanying Order.

2

Petitioner stating that he had four years and nine months owed on his parole violator sentence.  Petitioner states that the warrant/detainer violates his constitutional rights because his "maximum parole expiration date" had been attained, and Pennsylvania had "relinquished primary jurisdiction to the federal authorities."

Thus, Petitioner seeks a determination that he is not subject to future custody in Pennsylvania pursuant to the parole violator warrant or any state judgment because he has fully served his sentence for his state crimes and the parole violation.  He also states that the presence of the detainer is interfering with his ability to be released to a halfway house.

## II.  ANALYSIS

As Petitioner seeks to challenge the validity of the Pennsylvania parole violator warrant and related future custody, this Court is not the proper forum.  See Chatman-Bey v. Thornburgh, 864 F.2d 804, 813-14 and n.10 (D.C. Cir. 1988) (a court may raise considerations of venue sua sponte); Garcia v. Pugh, 948 F. Supp. 20, 23 (E.D. Pa. 1996)(same).  See also 15 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 3844 (2d ed.).

Petitioner must challenge his future state custody in the appropriate federal court sitting in Pennsylvania.  See 28 U.S.C. §§ 2241(d), 2254.  See also Braden v. 30th Judicial Circuit Court

of Kentucky, 410 U.S. 484, 493-94 (1973) (in habeas action to
compel state-court trial, district where indictments were
pending, where all of the material events took place, and where
the records and witnesses pertinent to the petitioner's claims
were likely to be found was "almost surely the most desirable
forum for the adjudication of the claim").

Pursuant to 28 U.S.C. § 1404(a), "For the convenience of
parties and witnesses, in the interest of justice, a district
court may transfer any civil action to any other district or
division where it might have been brought."  Pursuant to 28
U.S.C. § 1391(b), this action might have been brought in a
judicial district "in which a substantial part of the events or
omissions giving rise to the claim occurred," or in a judicial
district "in which any defendant may be found, if there is no
district in which the action may otherwise be brought."

Here, the future custody depends upon the validity of a
Pennsylvania parole violator warrant.  The relevant events,
witnesses, and evidence (with the exception of Petitioner,
himself) are located in Pennsylvania.  Thus, venue of this action
properly lies in the United States District Court for the Eastern
District of Pennsylvania.

Petitioner's arguments concerning proper exhaustion
requirements are best determined by the federal court where venue

4

of this action is proper.  Accordingly, it appears to be in the interest of justice to transfer this action.

IV.   CONCLUSION

For the reasons set forth above, the Court will order this Petition transferred.  An appropriate order follows.


Noel L. Hillman
United States District Judge

Dated:
At Camden, New Jersey

5